1

2

3

4

5

6                                    UNITED STATES DISTRICT COURT

7                                    EASTERN DISTRICT OF CALIFORNIA

8

9    STEPHEN WILSON,                              CASE NO. 1:15-cv-00224-LJO-MJS (PC)

10                   Plaintiff,                    **FINDINGS AND RECOMMENDATION TO
                                                   DISMISS ACTION WITHOUT PREJUDICE
11        v.                                       FOR FAILURE TO SUBMIT FILING FEE
                                                   OR APPLICATION TO PROCEED IN
12   AUDREY KING, et al.,                          FORMA PAUPERIS, FAILURETO OBEY
                                                   A COURT ORDER, AND FAILURE TO
13                   Defendants.                   PROSECUTE**

14
                                                   **(ECF Nos. 6 & 8)**
15
                                                   **FOURTEEN (14) DAY OBJECTION
16                                                 DEADLINE**

17

18        Plaintiff is a civil detainee proceeding pro se in this civil rights action brought

19   pursuant to 42 U.S.C. § 1983. On February 10, 2015, Plaintiff was ordered to submit an

20   application to proceed in forma pauperis on the appropriate form or to pay the applicable

21   filing fee in full within thirty days. (ECF No. 6.) Plaintiff did not comply.

22        On March 10, 2015, Plaintiff's complaint was screened and dismissed for failure

23   to state a claim, and he was ordered to file a petition for a writ of habeas corpus or a

24   notice of voluntary dismissal within thirty days. (ECF No. 8.) The thirty-day deadline

25   passed without Plaintiff filing either a habeas petition or notice of voluntary dismissal, or

26   seeking an extension of time to do so.

27        Local Rule 110 provides that "failure of counsel or of a party to comply with these

28   Rules or with any order of the Court may be grounds for imposition by the Court of any

1   and all sanctions . . . within the inherent power of the Court." District courts have the

2   inherent power to control their dockets and "in the exercise of that power, they may

3   impose sanctions including, where appropriate, default or dismissal." Thompson v.

4   Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based

5   on a party's failure to prosecute, failure to obey a court order, or failure to comply with

6   local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

7   noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

8   1992) (dismissal for failure to comply with an order requiring amendment of a complaint);

9   Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply

10  with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.

11  U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply

12  with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424-25 (9th Cir. 1986)

13  (dismissal for lack of prosecution and failure to comply with local rules).

14      In determining whether to dismiss an action for lack of prosecution, failure to obey

15  a court order, or failure to comply with local rules, the Court must consider several

16  factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need

17  to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy

18  favoring disposition of cases on their merits, and (5) the availability of less drastic

19  alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423.

20      In the instant case, the public's interest in expeditiously resolving this litigation

21  and the Court's interest in managing its docket weigh in favor of dismissal. The third

22  factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a

23  presumption of injury arises from the occurrence of unreasonable delay in prosecuting

24  this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor –

25  public policy favoring disposition of cases on their merits – is greatly outweighed by the

26  factors in favor of dismissal discussed herein. Finally, as for the availability of lesser

27  sanctions, at this stage in the proceedings there is little available which would constitute

28  a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not

1  paid the filing fees in this action and likely is unable to pay, making monetary sanctions
2  of little use.

3        Based on the foregoing, it is HEREBY RECOMMENDED that the action be
4  dismissed, without prejudice, for failure to submit the applicable filing fee or an
5  application to proceed in forma pauperis, failure to obey a court order and failure to
6  prosecute.

7        These Findings and Recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within
9  fourteen (14) days after being served with these Findings and Recommendations, any
10 party may file written objections with the Court and serve a copy on all parties. Such a
11 document should be captioned "Objections to Magistrate Judge's Findings and
12 Recommendations." Any reply to the objections shall be served and filed within fourteen
13 (14) days after service of the objections. The parties are advised that failure to file
14 objections within the specified time may result in the waiver of rights on appeal.
15 Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923
16 F.2d 1391, 1394 (9th Cir. 1991)).

17
18 IT IS SO ORDERED.

19    Dated:   __April 26, 2015__          /s/ *Michael J. Seng*
20                               UNITED STATES MAGISTRATE JUDGE

21
22
23
24
25
26
27
28